[No. Crim. 17.   In Bank.—June 21, 1895.]

THE PEOPLE, RESPONDENT, *v.* ALFRED GRESS, APPELLANT.

CRIMINAL LAW—HOMICIDE—EVIDENCE—HEARSAY—DECLARATIONS OF DECEASED.—Upon a trial for murder, declarations of the deceased not made *in extremis,* as dying declarations having reference to the circumstances of the death, and not constituting any part of the *res gestæ,* are hearsay and inadmissible in evidence.

ID.—DECLARATIONS PRECEDING HOMICIDE.—On the trial of a defendant accused of murder, the admission of evidence of the declarations of the deceased made on the day before the homicide, to the effect that he had discovered that the defendant had been writing to his wife, and was trying to get his wife and child to run away with him, is prejudicial error.

ID.—IRRELEVANT EVIDENCE—TESTIMONY OF WIFE OF DECEASED.—Where the killing was admitted by the defendant, and the only issue was as to whether it was in necessary self-defense, the testimony of the wife of the deceased, and of the defendant's efforts to induce her to leave her husband, is not pertinent to any issue before the jury, and it is prejudicial error to admit such testimony in evidence.

APPEAL from a judgment of the Superior Court of Tuolumne County.

The facts are stated in the opinion of the court.

*Frank W. Street,* for Appellant.

The declarations of the defendant were not admissible in evidence, not being dying declarations nor part of the *res gestæ.* (1 Greenleaf on Evidence, sec. 156; *People v. Carkhuff,* 24 Cal. 643; *People* v. *Carlton,* 57 Cal, 83; 40 Am. Rep. 112; *People* v. *Dailey,* 59 Cal. 600; *People* v. *Taylor,* 59 Cal. 640–48; *People* v. *Irwin,* 77 Cal. 494.) The testimony of Mrs. Assalena had no relation to the homicide, and was inadmissible. (1 Greenleaf on Evidence, secs. 51, 52; *People* v. *Jones,* 31 Cal. 570; *People* v. *Tyler,* 36 Cal. 526; *People* v. *Daniels,* 70 Cal. 521; *People* v. *Dye,* 75 Cal. 112; *People* v. *Wallace,* 89 Cal. 162.)

*Attorney General W. F. Fitzgerald,* for Respondent.

The evidence was admissible as showing a motive for the crime charged. (Roscoe on Criminal Evidence, 3d Am. ed., 95, 99; 1 Greenleaf on Evidence, 70; *Shaffner* v. *Commonwealth,* 72 Pa. St. 60; 13 Am. Rep. 649; 15 Am. & Eng. Ency. of Law, 938; *People* v. *Wood,* 3 Park. C. R. 681; *Jones* v. *State,* 63 Ga. 395; *State* v. *Kline,* 54 Iowa, 183; *Pontius* v. *People,* 82 N. Y. 339; *Shorter* v. *State,* 63 Ala. 129; *State* v. *Grant,* 79 Mo. 113; 49 Am. Rep. 218; *Reinhart* v. *People,* 82 N. Y. 607; *State* v. *Morris,* 84 N. C. 756; *Commonwealth* v. *Damon,* 136 Mass. 441; *People* v. *Sharp,* 107 N. Y. 427; 1 Am. St. Rep. 851; *State* v. *Lapage,* 57 N. H. 245–95; 24 Am. Rep. 69; *Pierson* v. *People,* 79 N. Y. 424; 35 Am. Rep. 524.)

VAN FLEET, J.—Defendant was convicted of having murdered one Louis Assalena, and was sentenced to imprisonment for life. He appeals from the judgment and an order denying him a new trial.

One Kane, a witness called by the state, was permitted, against the objection of defendant, to testify that, on the evening of the day preceding the one on which the homicide was committed, the witness saw Assalena, the deceased, at La Grange, just before the latter left for Sonora, where the killing took place, and that Assalena then stated that he had discovered that the defendant

had been writing to his (Assalena's) wife, and was trying to get his wife and child to run away with him, defendant. And another witness for the prosecution, one Watt, was permitted to state that on the same evening at La Grange, Assalena told him, "I am in trouble. I have a family in Sonora, and a few months ago I took a young man in as partner with me, and here lately I have discovered that he is about to get away with my wife and child, and I want to get to Sonora as quick as possible. I want to save my boy, and that's my hurry for coming here." This evidence was clearly hearsay, and was wholly inadmissible upon any possible theory of the case, or upon any principle or rule of evidence known to the law. It was no less hearsay because the declarations were those of the deceased, since proof of such declarations are only admissible when made *in extremis*—dying declarations, having reference to the circumstances of the death, or when they constitute a part of the *res gestæ*. (*People* v. *Carkhuff*, 24 Cal. 642.) In this case they were neither. The mortal blow had not been struck, nor were they in any manner connected with the renconter which resulted in Assalena's death. Obviously the admission of this evidence was highly prejudicial to the defendant, since its inevitable tendency would be to greatly inflame and prejudice the minds of the jury against him. (*People* v. *Carlton*, 57 Cal. 84; 40 Am. Rep. 112; *People* v. *Irwin*, 77 Cal. 494.)

It was also error to admit the evidence of Mrs. Assalena as to the defendant's efforts to induce the witness to leave her husband. Under the circumstances of this case the evidence was not pertinent to any issue before the jury. Were the case one of circumstantial evidence, and the fact in doubt as to whether defendant did the killing, such evidence might be admissible upon the question of motive (*Pierson* v. *People*, 79 N. Y. 424; 35 Am. Rep. 524); but here the killing was admitted, and the only issue was whether it was in necessary self-defense. In such a case evidence of this character serves no competent purpose, while its effect was necessarily

prejudicial to defendant's case. These errors necessitate a reversal.

Judgment and order reversed, and cause remanded for a new trial.

GAROUTTE, J., McFARLAND, J., and HENSHAW, J., concurred.